Derbigny, J.
delivered the opinion of the court. In this case, which was already before us, 3 Martin, 588, and was remanded, we decided that after a cession of goods, a debtor, who has obtained no discharge from his creditors, may be sued by any of them when he has come to better fortune.
The language of the law 3, tit. 15, part. 5, cited In our first opinion is, that "the debtor, who has made a cession of his goods, cannot afterwards be sued, and is not obliged to answer any judicial demand of his creditors, un *291 less he should have made such gains as to be able to pay all his debts or part of them.” By the expression, “he is not obliged to answer,” it must be understood, according to the commentator, that he has no other answer to make but to plead his cession. That law stands unrepealed by the provisions of our civil code, which only establish the principle, that "a debtor, after a cession of his goods, is still obliged to surrender whatever property he may become possessed of,” but does not say in what manner he shall be bound to do so. Civil Code, 294, art. 172.
East'n. District.
April 1816.
A suit like this is therefore lawful in it’s nature,and we are satisfied of the correctness of the decree, by which we reversed the judgment of the district court, who had dismissed it upon the ground that, after a cession of goods, none of the creditors to whom it was made, can individually sue the common debtor. But the shape which this case has assumed, since it has been sent back, and the difficulties which have occurred during its trial, and given lieu to the exceptions on which it is again brought up, make it necessary to inquire farther on the principles by which actions of this kind ought to be governed, and lay down some general rules, which *292 may serve as a basis to the decision of the points now submitted to our consideration.
After a cession of goods, the person of the debtor is exempt from arrest, but the property, which he may acquire, is still liable to the payment of his debts—such is the general principle. That he may be sued by his creditors, when he has come to better fortune, is provided by the law of the partidas cited. We have decided that any one of them may in such circumstances sue him, because, to interpret the law so as to require the concurrence of all, would be to make the right of some dependent on the will of others.
As to the amount of property, which the debtor must have acquired before he can be made liable to be thus sued, there exists, between the Spanish law and our civil code, some difference, which it is proper here to explain, and settle before we proceed further.
According to the law of the partidas, above quoted, property, which the debtor has acquired since his cession, is not all liable for his debts, but only so much of it as exceeds the amount necessary for his support. The same principle is to be found in the Roman law. ff. de Cess. bon. l. 4, 5, & 6.
Our code having made no such a reservation, it becomes questionable whether the provision of *293 the Spanish law is still in force. We were, at first, inclined to think that it was, and expressed ourselves accordingly in the first opinion given in this case. That first impression had been corroborated by the reflection that the French text of the article of our code, which treats of this matter, is copied verbatim from the code Napoleon, and that this article in that code, according to French commentators, is taken from the Roman law, and ought to be understood with the reservation then understood in favor of the debtor. But, upon duly weighing the words made use of in our code, particularly in the English part of the text, we think ourselves bound to consider them as repealing the provision of the Spanish law, which secured to the debtor the advantage alluded to. “The debtor is obliged to surrender whatever property he may afterwards become possessed of.” Whatever property certainly signifies all the property, without exception. The exception, which formerly existed, must be considered as done away, by this expression.
Another principle, in matter of cession goods is, that the debtor is exonerated from his debts to the amount of the property surrendered. Hence it follows, that he can be sued only for the balance remaining due, after deduction *294 of that amount, and that, pending the liquidation of the estate surrendered, and until the balance which he may still owe be ascertained, no suit ought to be brought against him.
Finally, in an action of this kind, the right of the creditor to sue, being created by the change which happens in the debtor’s situation, his demand ought to be grounded on that fact. He should allege and prove it. For in vain is it said that such a proof may be found impossible, if the debtor conceals his newly acquired property. Whatever may be the inconvenience and difficulty of proving the fact, which gives the plaintiff a right of action, it certainly is his duty to establish it. The truth is, that the difficulty here would not be greater than that of proving any other kind of fraud: but should it be, it will be no reason to depart from the general rule. In this case, therefore, if the want of that allegation had not been cured by the answer of the defendant, who did himself put in issue the fact on which the right of the plaintiff to sue depended, we would have dismissed the action when it first came up before this court.
Let us now see, by an application of the principle above laid down, whether the district court erred in refusing the testimony which was offered by the defendant to prove 1, that no dis *295 tribution of the proceeds of the property surrendered by him had been made: and 2, that, since his cession, he had not come to an estate more than sufficient for his support and that of his family.
I. With regard to the first of these two points, we have already premised that, in order to enable individual creditors to sue the common debtor, who has acquired property since the cession, the estate surrendered must be liquidated, so far as to ascertain the amount which each creditor is entitled to receive out of the property ceded. Thus, if the defendant had offered to prove that the estate surrendered was not liquidated, and that the balance due to the plaintiff was not ascertained, it is clear that his testimony ought to have been admitted, for the purpose of ascertaining whether a right of action had as yet accrued to the plaintiff. The evidence offered did not go that length : it tended only to shew that no distribution of the proceeds of the property had actually been made : but, as it partly went to establish there was or had been property, in the hands of the syndics, to be applied to the discharge of the debts of the defendant, we are of opinion that it ought to have been received, because it might have enabled the de *296 fendant to shew that the plaintiff had no longer a claim to the whole original debt, but only to so much as remained due after the liquidation of the estate surrendered.
II. On the second point, viz. the offer of evidence on the part of the defendant to support the allegation in his answer, that, since his cession, he has not come to an estate more than sufficient for his support and that of his family, we think that this plea of the defendant, admitting that he has acquired some property since that time, the testimony offered could not avail him and was properly rejected. As to the doctrine contended for by the plaintiff and appellee, that, in suits of this kind, no inquiry into the situation of the debtor is necessary, because the matter is finally to be ascertained, at the time of the execution, it is repugnant to the principles above recognised.
We cannot dismiss this subject without an expression of our regret that no positive rule of proceeding, in cases of this nature, should have been prescribed by law, and of our hope that this exposition of the principles by which we think they ought to be governed, may henceforward prove a sufficient guide in similar cases.
Duncan for the plaintiff, Hennen for the defendant.
It is ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that this cause be remanded, with instructions to the judge to admit any legal evidence, which the defendant may offer for the purpose of shewing that the plaintiff has no longer a claim to the whole original debt, demanded in this suit, but only to so much thereof as remains due after the surrender; and it is further ordered that the costs of this appeal be borne by the appellee.
See same case, January Term 1817.